CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 7 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 7:05cr00111 |
| v. | MEMORANDUM OPINION |
| WIDLENS GIGI EUGENE | By: Samuel G. Wilson<br>United States District Judge |

The defendant, Widlens Gigi Eugene, is charged with one count of possession of five grams of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of possession of a firearm in violation of 18 U.S.C. § 922(g); one count of using and carrying a firearm during, in relation to, and in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c); and one count of unlawfully and knowingly receiving or possessing a firearm not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Eugene has moved to suppress crack cocaine found on him in a search incident to his arrest and items retrieved from Eugene's home during a police search pursuant to a warrant, including three guns, scales, and a quantity of crack cocaine. Eugene claims that there was not probable cause to support his arrest and that the warrant authorizing the search of his home was based on an insufficient affidavit. Having held an evidentiary hearing on the matter, the court finds that probable cause supported Eugene's arrest and that the warrant authorizing a search of Eugene's home was based on evidence sufficient to establish probable cause and that, even were it not, the officer who executed the warrant did so in good faith. Accordingly, the court denies Eugene's motion to suppress.

# I.

At the evidentiary hearing, Roanoke City Detective Aaron Cook testified that, during the afternoon of December 13, 2005, he met with a paid informant, who provided information regarding the informant's crack cocaine supplier. The informant agreed to call his supplier and arrange a drug deal to be carried out in a parking lot. Cook listened to the informant's end of the telephone call, and he testified that the informant asked the dealer for $200 worth of "product," or "something to that effect." Based on information provided by the informant, police suspected Eugene to be the dealer and were simultaneously establishing a surveillance perimeter leading from Eugene's home to the parking lot. Moments after the call, at around 4:25 p.m., police observed a man fitting Eugene's description leave Eugene's home and travel to the parking lot. When he arrived at the lot, the informant, who along with Cook was observing from a distance of approximately thirty yards, identified the man as his supplier. Cook then radioed a K-9 unit and requested they arrest the man. Officers identified the man as Eugene, and they discovered 2.1 grams of crack on him, which, according to Cook, is the approximate amount of crack $200 will buy.

Cook immediately sought a warrant from a city magistrate to search Eugene's home. In support of the warrant application, Cook provided an affidavit, stating the following:

> On December 13, 2005, Widlens Eugene was observed exiting 1626 Wayne Street #3, NE. He was arrested for Possession with Intent to Distribute cocaine after leaving the apartment, without making any stops or contact with anyone. He gave his home address as 1626 Wayne Street #2, NE. Your affiant knows drug dealers often times will keep more narcotics inside their residence and a minimal amount

2

on their person.

According to Cook, the magistrate sought more information and questioned him further under oath. In response to the magistrate's questions, Cook related under oath substantially the same account of the events leading to Eugene's arrest that Cook related to this court. The magistrate then issued the search warrant for Eugene's residence and the arrest warrant for Eugene. Cook executed the search warrant and seized three guns, scales, and a quantity of crack cocaine from Eugene's residence.

## II.

Eugene first claims that officers did not have probable cause to arrest him and therefore did not have the right to conduct the search of his person which yielded 2.1 grams of crack. Viewing the totality of the circumstances, see Illinois v. Gates, 462 U.S. 213, 230-32, 103 (1983) (articulating the "totality of the circumstances" probable cause standard), the court finds that the events surrounding Eugene's arrest, specifically the fact that Eugene showed up at the very spot suggested by the informant for the exchange and the fact that the informant identified Eugene as his crack supplier before officers seized him, yielded probable cause, and the officers were therefore justified in arresting Eugene and searching his person. See United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir.1995) (holding that police observation of conduct consistent with drug trafficking will support a finding of probable cause).

## III.

Eugene next claims that the warrant authorizing officers to search his home was not based on probable cause because the supporting affidavit was insufficient. In addition to the affidavit, the magistrate relied on Cook's sworn statements, and the court finds that these statements,

3

coupled with the affidavit,[1] sufficiently supported the magistrate's finding of probable cause. Moreover, the court finds that the detective performed the search in good faith reliance on the warrant.

"[T]he Fourth Amendment provides the only proper standard for determining whether evidence seized by state officials pursuant to a state warrant is admissible in federal court," and the court need not consider whether the evidence before the magistrate was inadmissible on state law grounds.[2] United States v. Clyburn, 24 F.3d 613, 616-17 (4th Cir. 1994). In determining whether the magistrate's probable cause determination comported with the Fourth Amendment, the court may examine any affidavits or sworn statements the magistrate had before him.[3] The court should grant the magistrate's finding great deference and should only disturb it upon a finding, based on the totality of the circumstances, that there was not a "fair probability" that officers would find contraband in the place to be searched. Id. at 617 (quoting Illinois v. Gates, 462 U.S. 213, 233 (1983)).

---

[1] The court does not reach the question of whether the affidavit alone, without oral supplementation, would have established probable cause.

[2] In Virginia, search warrant affidavits "must be made under oath or affirmation and preserved verbatim." Va. Code § 19.2-54. Consequently, if the Virginia code controlled the court's inquiry here, the court could consider Cook's sworn statements only if they were preserved verbatim.

[3] See Clyburn, 24 F.3d at 617 ("The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information provided the issuing magistrate be supported by 'Oath or affirmation.' Moreover, the Amendment does not require that statements made under oath in support of probable cause be tape-recorded or otherwise placed on the record or made part of the affidavit. It follows that magistrates may consider sworn, unrecorded oral testimony in making probable cause determinations during warrant proceedings . . . ." (internal citations and quotes omitted)).

4

Eugene focuses his attack on Cook's affidavit; however, Cook made additional sworn statements before the magistrate which painted a far more detailed picture of the events leading up to Eugene's arrest than the affidavit alone. Because those statements preceded the magistrate's issuance of the search warrant, this court can and will consider them in deciding whether that warrant survives fourth amendment scrutiny. The court finds that, when faced with evidence suggesting that Eugene was capable of filling a spontaneous, unexpected order for crack, that Eugene was found to be carrying 2.1 grams of crack after leaving his home and making no stops on the way to the putative drug exchange, and that Eugene had filled previous crack orders for the informant, a magistrate could find a "fair probability" that an additional quantity of crack would be found in Eugene's home.

Moreover, even were the warrant not supported by probable cause, the court would only suppress the fruits of the search upon a finding that "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." United States v. Bynum, 293 F.3d 192, 195 (4th Cir.2002) (quoting United States v. Leon, 468 U.S. 897, 922 n. 23, (1984)). The court must determine whether the "affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[4] In doing so, "the court should examine the totality of the information presented to the magistrate." United States v. Perez, 393 F.3d 457, 462 (4th Cir. 2004) (quoting United States v. Legg, 18 F.3d 240,

---

[4] Under Leon, the court may also suppress the fruits of a warrant-supported search if the issuing judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; if "the issuing magistrate wholly abandoned his judicial role"; or if "a warrant [is] so facially deficient- i.e., in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid." Leon, 468 U.S. at 923. However, Eugene has not alleged any of these circumstances.

5

244 n. 1 (4th Cir.1994)).

Here, Cook presented an affidavit, and when the magistrate required more information, Cook supplemented his affidavit with sworn oral statements providing the full details of the events leading to Eugene's arrest. In light of this ample evidentiary base, the court finds that a well trained officer would have been satisfied that the magistrate's probable cause determination was valid. Therefore, the court alternatively denies Eugene's motion to suppress based on <u>United States v. Leon</u>.

## IV.

For the reasons state herein, the court denies Eugene's motion to suppress.

**ENTER**: This 7th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE