CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 21 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:05cr00111-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WIDLENS GIGI EUGENE** | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

By previous Notice, the court notified defendant that he appeared to be eligible for a reduction of his sentence pursuant to Amendment 706 of the United States Sentencing Guidelines ("USSG"). The government filed objections to this Notice, and defendant responded to these objections, asking that the court not only grant a reduction to his sentence based on the retroactive amendment, but also grant him a further reduction, below the amended guideline range, under United States v. Booker, 543 U.S. 220 (2005) and its progeny. Although the court will grant defendant a reduction from his original sentence, pursuant to 18 U.S.C. § 3582(c)(2), the court finds that Booker and its progeny are inapplicable to motions to reduce sentence under § 3582(c)(2) and, therefore, denies defendant's request for a further reduction below the amended guideline range.[1]

---

[1] See United States v. Hudson, 242 F. App'x 16 (4th Cir. 2007) (it is not clear error or abuse of discretion to refuse to apply Booker to a sentence reduction under § 3582(c)(2)); United States v. Rolle, 163 F. App'x 245 (4th Cir. 2006) (unpublished) ("Rolle sought relief based on the Supreme Court's decision in [Booker]. The relief Rolle seeks is unavailable under § 3582(c)(2)."); United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (defendant's contention that a § 3582(c) reduction was warranted under Booker was "roundly rejected."); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) ("Booker does not provide a basis for a sentence reduction under § 3582(c)."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions."); United States v. Sanchez, 140 F. App'x 409, 410 (3d Cir. 2005) (unpublished) ("[Section] 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); Hayes v. United States, 141 F. App'x 463, 464 (7th Cir. 2005) (unpublished) ("18 U.S.C. § 3582(c)(2)[] authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 F. App'x 897, 899 (5th Cir. 2005) ("Booker is inapplicable to review of the denial of Privette's § 3582(c)(2) motion. By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); but see United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007) (court found that limiting a § 3582(c)(2) sentencing reduction to the amount prescribed by the Sentencing Commission impermissibly applies the guidelines as mandatory in violation of Booker).

Pursuant to USSG § 1B1.10(b)(2), the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . ." unless the "original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing. . ." In this case, defendant's original term of imprisonment was not less than the term of imprisonment provided by the original guideline range. The requirements set out in § 1B1.10 are made binding on the court by two statutes, 28 U.S.C. § 994(u) and § 3582(c). Section 994(u) states that the Sentencing Commission "shall specify in what circumstances and by what amounts the sentence of prisoners serving terms of imprisonment for the offenses may be reduced." Section 3582(c) provides that a district court may not modify a term of imprisonment once it has been imposed, except that when the Sentencing Commission makes a guideline amendment retroactive, the court may reduce a term of imprisonment "*if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.*" (Emphasis added).

Neither Booker nor its progeny authorizes a district court to grant a sentence reduction beyond what is permitted in § 1B1.10. "A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting United States v. Tidewell, 178 F.3d 946, 949 (7th Cir. 1999)); see also USSG § 1B1.10(a)(3). Therefore, while the guidelines may be applied in a discretionary manner at an original sentencing pursuant to Booker, nothing in § 3582(c)(2) gives the court similar discretion to depart from USSG § 1B1.10 in a resentencing under § 3582(c)(2). Accordingly, the court finds no authority under which it may reduce defendant's term of imprisonment below the amended guideline range. Moreover, even if

2

Booker applied in proceedings under § 3582(c)(2), the court notes that it would nevertheless impose the same term of imprisonment. An Order addressing defendant's eligibility for a reduction under § 3582(c)(2) will be entered this day.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 21st day of April, 2008.

/s/ _____
United States District Judge